## PLANTERS' BANK OF TUNICA, MISS., et al. v. NEW YORK LIFE INS. CO.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1926.)

No. 4512.

Insurance ⬛668(12).

On evidence indicating suicide of insured, *held*, that it was proper to direct verdict for insurer.

In Error to the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

Action by the Planters' Bank of Tunica, Miss., and another, against the New York Life Insurance Company. Verdict was directed for defendant, and plaintiffs bring error. Affirmed.

J. W. Cutrer, of Clarksdale, and C. A. Jaquess and John W. Dulaney, both of Tunica, Miss. (W. L. Bankston, of Tunica, Miss., and Edward W. Smith, of Clarksdale, Miss., on the brief), for plaintiffs in error.

Robt. H. Thompson and J. Harvey Thompson, both of Jackson, Miss., Carruthers Ewing, Robt. E. King, and Earl King, all of Memphis, Tenn., and Louis H. Cooke, of New York City (Ewing, King & King, of New York City, on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. On October 4, 1921, the New York Life Insurance Company, defendant in error, issued its policy on the life of Simon Caplan for $25,000. The policy provided for payment of double indemnity in the event that "the death of the insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent, and accidental cause." The policy also provided that

"this double indemnity benefit will not apply if the insured's death resulted from self-destruction, whether sane or insane." The policy further provided: "In the event of self-destruction during the first two insurance years, whether the insured be sane or insane, the insurance under this policy shall be a sum equal to the premiums thereon which have been paid to and received by the company and no more."

On December 12, 1921, the policy was assigned to the Planters' Bank of Tunica, Miss., one of the plaintiffs in error. On April 29, 1923, within two years after the policy was issued, Caplan died a violent death. Thereafter, Mrs. Lena R. Perry, the other plaintiff in error, was qualified as administratrix of Caplan's estate. Proofs of death were furnished and demand was made upon the insurance company for double indemnity under the policy, $50,000. This was declined. The insurance company denied liability and tendered the amount of premiums received. Suit was then brought in the circuit court of Tunica county, Miss., and was later removed to the District Court by defendant. At the close of the evidence a verdict was directed for defendant. Error is assigned to this.

The undisputed facts regarding the death of the insured are these:

On April 29, 1923, which was a Sunday, Caplan did not appear at his usual hour for dinner, and later a search was made for him. His body was found on the second floor of a store owned and operated by his wife. He was lying on a pile of mattresses, flat on his back, and clad only in his undershirt and drawers and a pair of socks. There was a wound in the right side of his head, just above his ear, and this wound was powder-burned. A considerable quantity of blood had soaked into the mattresses. There was a pistol lying under his left wrist. Close at hand there was a mirror, propped up in such a position that Caplan could have looked into it in order to take aim at himself. The mirror was new, a part of the stock, had been wrapped in paper, and part of the paper had been torn off.

There was positive evidence tending to show that for some time before his death Caplan had been drinking heavily and there was some negative evidence to the contrary. He also had had conversations with one or two witnesses, indicating that he was despondent. It was also shown that a number of small judgments had been entered against him, which apparently he had been unable to satisfy, and his property was burdened with mortgages. There was also a suit pending against him to recover about $4,700, on which judg-

ment was subsequently recovered for $3,700 against his wife.

It was the theory of plaintiffs in the case that Caplan had come to his death at the hands of an unknown party, but the record is barren of any evidence that would sustain that theory. Conceding that the law creates a presumption against self-destruction, we think in this case it was completely overcome by the facts indicating suicide, and the District Court was clearly right in directing a verdict for defendants.

Errors are assigned to the action of the court in admitting certain evidence for the defendant and excluding certain evidence for plaintiffs. We find no error in this regard. Error is also assigned to the overruling of a motion for a new trial. This assignment is also without merit.

Affirmed.